UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

SEED RESEARCH EQUIPMENT SOLUTIONS, LLC,
a Kansas limited liability company,

    Plaintiff,

v.

GARY W. CLEM, INC. d/b/a ALMACO,
an Iowa Corporation,

    Defendant.

Civil Action No. 09-1282-EFM-DWB
Hon.

THOMPSON & THOMPSON, P.A.
By:    Jeffrey Thompson (KS S. Ct. No. 17596)
Attorneys for Plaintiff
310 4th Street
P.O. Box 166
Scandia, KS 66966
(785) 335-2248
(785) 335-2502 (facsimile)

## COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

Plaintiff, Seed Research Equipment Solutions, Inc. (hereinafter "Plaintiff" or "SRES"), by and through its attorneys, Thompson & Thompson, P.A., hereby complains against Gary W. Clem, Inc. d/b/a ALMACO (hereinafter "Defendant"), and alleges as follows:

### THE PARTIES

1.    Plaintiff, SRES is, and at all times relevant to this action was, a limited liability company organized and existing under the laws of the State of Kansas, having a place of business at 408 North Poplar, South Hutchinson, Kansas 67505.

2.    Upon information and belief, Gary W. Clem, Inc. d/b/a ALMACO ("ALMACO"), is a corporation organized and existing under the laws of the State of Iowa, with

a place of business at 99 M Avenue, Nevada, IA 50201, and is doing business in this judicial district and elsewhere.  ALMACO may be served with process by serving its registered agent, Gary W. Clem, at 99 M Avenue, Nevada, IA 50201.

## JURISDICTION AND VENUE

3. This is an action for a declaration of noninfringement under the patent laws set forth in the United States Code, and particularly 35 U.S.C. § 101, *et seq.*  This Court has jurisdiction over Plaintiff's federal claims under 228 U.S.C. § 1331 and 1338.

4. This action is brought pursuant to 28 U.S.C. § 2201(a) as an actual controversy exists between the parties.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) because a substantial part of the events, acts and omissions giving rise to the claims occurred here, and Defendants are subject to personal jurisdiction here as a result of activity within this judicial district, including, but not limited to, solicitations to and within the district, and based upon information and belief, sales within the district.

## BACKGROUND

6. On January 7, 2003, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,505,124 (the "'124 patent"), titled "GPS System to Provide Planter Tripping for Crop Research Plots."  The face of the patent lists Gary W. Clem, Inc. of Iowa as the assignee.  (Exhibit A)

7. SRES has designed and manufactured a similar, but noninfringing GPS System to Provide Planter Tripping for Crop Research Plots.

8.      On or about July 17, 2007, Brian Carr, Vice President of Engineering for ALMACO, forwarded correspondence to SRES regarding the '124 patent, claiming that SRES' product practices the invention which is protected by the '124 patent.  (Exhibit B)

9.      In the correspondence dated July 8, 2009, Brian Carr of ALMACO demanded that SRES obtain a license from ALMACO under U.S. Patent No. 6,505,124 for all sales of its noninfringing GPS systems for plant research plots and invited SRES to a meeting to discuss ALMACO's allegations of infringement.  (Exhibit C)

10.     ALMACO, and their attorneys knew that SRES was represented by counsel, however, the letter was not forwarded by ALMACO to SRES counsel and SRES counsel was not invited to a meeting between the parties.

11.     A meeting between the parties was scheduled with the understanding that counsel for either party would not be present.

12.     During the first week of September, 2009, Tim Zarley, counsel for ALMACO appeared unannounced at the scheduled meeting between the principals of the two parties and advanced infringement arguments related to the '124 Patent which would be addressed in litigation.

13.     ALMACO aggressively asserts his patent rights as it has already filed a Complaint in the United States District Court for the Southern District of Iowa against SRES alleging infringement of U.S. Patent No. 7,337,733 B2 by SRES.  That Complaint was filed on April 1, 2008 and is attached as Exhibit D.

14.     The ALMACO lawsuit attached as Exhibit D was filed only one week after a letter similar to the July 8, 2009 letter was received by SRES.

15. SRES has a reasonable apprehension of suit based on the letters received from ALMACO, the in person conference with ALMACO's counsel, the previous litigation tactics of ALMACO, and the fact that the dispute between the parties regarding the '124 patent will not be handled any differently than the dispute related to U.S. Patent No. 7,337,733 B2.

16. The facts at issue regarding the '124 patent show a substantial controversy, which is definite and concrete, between the parties who have real and substantial adverse legal interests.

17. This Complaint involves definite and concrete issues touching upon the legal relations of parties who have adverse legal interests.

## COUNT I

## CLAIM FOR NON-INFRINGEMENT OF THE '124 PATENT

18. SRES repeats and realleges the averments contained in the above paragraphs 1-17 as if fully set forth herein.

19. SRES has not infringed and is not infringing any valid claim of the '124 patent, either directly, indirectly or under the doctrine of equivalents.

20. SRES is entitled to a judicial declaration of non-infringement.

21. SRES, therefore, seeks judgment as set forth herein.

## DESIGNATION OF TRIAL

SRES designates the place of trial as the U.S. District Court in Wichita, Kansas.

## PRAYER FOR RELIEF

**WHEREFORE,** SRES prays for entry of a judgment in its favor against Defendants as follows:

A. Declaring that SRES has not infringed and is not now infringing any asserted claim of the '124 patent, either directly, indirectly, literally or under the doctrine of equivalents;

B. Enjoining Defendants, any of its officers, agents, servants, employees, or licensees, or any and all persons in active concert or participation with Defendants, from directly or indirectly charging infringement or instituting any further action of infringement of the '124 patent against SRES or any of its affiliates, customers, licensees, or potential licensees, in connection with any product accused of infringement in this action;

C. Declaring this case to be an exceptional case within the meaning of 35 U.S.C. § 285 and awarding SRES reasonable attorneys' fees, costs and expenses that it incurs in this action; and

D. Awarding SRES such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

THOMPSON & THOMPSON, P.A.

By: __/s/ Jeffrey Thompson_____
    Jeffrey Thompson (KS S. Ct. No. 17596)
    Attorneys for Plaintiff
    310 4th Street
    P.O. Box 166
    Scandia, KS 66966
    (785) 335-2248
    (785) 335-2502 (facsimile)
    ttlaw@nckcn.com

Dated: September 11, 2009

## JURY DEMAND

SRES demands under Fed. R. Civ. P. 38 a trial by jury as to all issues so triable.

Respectfully submitted,

THOMPSON & THOMPSON, P.A.

By: /s/ Jeffrey Thompson
Jeffrey Thompson (KS S. Ct. No. 17596)
Attorneys for Plaintiff
310 4th Street
P.O. Box 166
Scandia, KS 66966
(785) 335-2248
(785) 335-2502 (facsimile)
ttlaw@nckcn.com

Dated: September 11, 2009