# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEED RESEARCH EQUIPMENT SOLUTIONS, LLC, <br><br> *Plaintiff*, <br><br> vs. <br><br> GARY W. CLEM, INC., d/b/a ALMACO, <br><br> *Defendant.* | Case No. 09-01282-EFM-DWB |

## MEMORANDUM AND ORDER

This case arises out of a patent dispute between Seed Research Equipment Solutions, LLC ("SRES"), a Kansas company, and Gary W. Clem, Inc., d/b/a ALMACO ("ALMACO"), an Iowa corporation. The patent is U.S. Patent No. 6,505,124 ("'124 patent"), entitled "GPS System to Provide Planter Tripping for Crop Research Plots." ALMACO is the '124 patent holder. Two actions are pending regarding the '124 patent – a declaratory judgment action in Kansas, and an action for patent infringement in Iowa. Before the Court is Defendant's Motion to Dismiss or in the Alternative to Transfer or Stay (Doc. 18). The issue is whether a sound reason exists to depart from the generally favored first-filed rule. For the following reasons, the Court denies the motion to dismiss, as well as the alternative motions to transfer or stay.

## I. Background/Facts

The parties are competitors in the manufacture of agricultural equipment, particularly in specialized planting equipment. On June 26, 2007, SRES conducted demonstrations of its GPS system in Ames, Iowa. ALMACO sent SRES a cease and desist letter on July 17, 2007, related to SRES's potential infringement of the '124 patent. The letter stated that although no one indicated that SRES was currently infringing on the '124 patent, a complaint in Iowa would result if infringement were found.

In 2008, ALMACO filed suit against SRES in Iowa for infringement of another patent. The complaint was dismissed, and the parties appear to have reached a settlement regarding that patent.

In May of 2009, BASF, a customer of SRES, informed SRES that ALMACO had contacted it several times alleging that the equipment BASF purchased from SRES was infringing upon the '124 patent. ALMACO sent another cease and desist letter to SRES on July 8, 2009, to that effect, and requested a meeting to discuss the matter. The parties arranged to meet in Kansas City on September 1, 2009, where they hoped to determine whether SRES was infringing upon the '124 patent.

ALMACO sent SRES a list of questions regarding SRES's technology that it wanted to address at the meeting. SRES did not have counsel present at the meeting, but ALMACO did. SRES did not fully answer the provided questions, but indicated it would send the remaining information by September 12, 2009. Instead, SRES filed a declaratory judgment action regarding the '124 patent against ALMACO on September 11, 2009 in the District of Kansas. Four days later, ALMACO filed its action for infringement of the '124 patent against SRES in the Southern District of Iowa.

On October 22, 2009, ALMACO filed its motion to dismiss, transfer, or stay the declaratory judgment action in Kansas. ALMACO originally argued that an exception to the first-filed rule exists when the first-filed action is a declaratory judgment action intended to preempt an imminent suit in a court of coordinate jurisdiction. SRES filed its response on November 12, 2009, and claimed that ALMACO erroneously relied on regional circuit law in its arguments regarding a first-filed exception. SRES stated that Federal Circuit law controls, which favors the first-filed rule and primarily considers the transfer considerations of 28 U.S.C. § 1404(a). ALMACO filed its reply on December 4, 2009, and argued that exceptions to the first-filed rule under Federal Circuit law are not uncommon when there is a sound reason that makes it unjust or inefficient to continue the first-filed action. ALMACO argued that a sound reason exists because SRES acted in bad faith and misled ALMACO as to the potential for ongoing negotiations on the '124 patent.

## II. Analysis

### A. Defendant's Motion to Dismiss (Doc. 18)

The first-filed rule states that when two identical actions are properly filed in different districts, the first-filed action is normally favored "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."[1] In patent cases, issues regarding application of the first-filed rule are governed by Federal Circuit law, rather than regional law.[2] The court in which the action was first filed should decide the applicability of the first-filed rule.[3]

---

[1] *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (overruled on other grounds).

[2] *Serco Services Co. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995).

[3] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 2002 WL 31898217, at *2 (D. Kan. Dec. 10, 2002) (citing *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,* 542 F.Supp. 1317, 1321 (S.D.N.Y. 1982)).

"The general rule favors the forum of the first-filed action, whether or not it is a declaratory action."[4] Exceptions may be made, but only when there is a sound reason that would make it unjust or inefficient to continue the first-filed action.[5]

A party's attempt to preempt another's suit is one factor in determining whether to dismiss a declaratory judgment action in favor of a later-filed patent infringement action involving the same patent and parties.[6] This factor alone, however, is not enough to warrant departure from the first-filed rule – the preemption attempt must also be coupled with forum considerations that favor the later-filed venue.[7] Such an approach addresses the "real underlying dispute: the convenience and suitability of competing forums."[8] Relevant considerations are "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest."[9] When the factors are neutral, transfer is not appropriate.[10]

ALMACO asserts that SRES's declaratory judgment action should not be permitted to proceed because SRES failed to comply with the September 12, 2009 date the parties established to send additional information related to the patent. A deadline set by the parties regarding negotiation does not deprive the alleged patent infringer of his right to sue for declaratory judgment

---

[4] *Genentech*, 998 F.2d at 937.

[5] *Id.* at 937-38.

[6] *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005).

[7] *See Serco,* 51 F.3d at 1038.

[8] *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

[9] *Genentech*, 998 F.2d at 938.

[10] *See generally Micron Technology*, 518 F.3d at 905 (finding that where convenience factors were neutral, the first-filed forum took priority).

before the deadline is met.[11] The ongoing negotiations deadline does not deprive Plaintiff of its right to sue.

ALMACO further alleges that SRES filed the declaratory judgment action to preempt an action in Iowa by ALMACO. The Federal Circuit has made clear that "whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action" is only one factor.[12] Even if ALMACO's allegation is true, this factor alone does not warrant departure from the strongly favored first-filed rule. No convenience factor suggests that Iowa would be a more favorable forum.[13] Witnesses will likely be required from Kansas, Iowa, and Illinois – therefore, any forum may be inconvenient for one of the parties. Plaintiff's evidence and witnesses are located in Kansas. The production and sale of the allegedly infringing SRES product takes place in Kansas, and the support personnel who facilitate the production and sale reside in Kansas. Conversely, ALMACO is based in Iowa. The invention of the '124 patent took place in Iowa. BASF, a likely non-party witness, is located in Illinois. Other non-party witnesses will likely be required from both Kansas and Iowa. The convenience and burdens of the parties in their respective preferred forums are substantially neutral.[14]

Defendant has not presented a sound reason to depart from the first-filed rule. The convenience factors are neutral or appear to slightly favor Plaintiff with respect to evidentiary issues.

---

[11] *Electronics for Imaging,* 394 F.3d at 1347.

[12] *Id.* at 1347-48.

[13] Plaintiff asserts in its response that ALMACO does not challenge the District of Kansas' jurisdiction because ALMACO sent two cease and desist letters to SRES in Kansas. ALMACO focuses on the "inequity" of the situation and does not specifically address jurisdictional issues. Because the issue of jurisdiction has not been thoroughly briefed, the Court will not analyze it here.

[14] Forum transfer considerations are also addressed in the next section regarding Defendant's Motion in the Alternative to Transfer.

Therefore, the first-filed declaratory action will be permitted to proceed over the later-filed patent infringement suit.

**B. Defendant's Motion in the Alternative to Transfer or Stay**

ALMACO alternatively seeks a change in venue to the Southern District of Iowa. Motions to transfer venue are governed by 28 U.S.C. § 1404. The statute provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[15] The party moving to transfer under § 1404(a), as Defendant has done in this case, bears the burden of showing that the current forum is inconvenient.[16] "Unless the balance is strong in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[17]

In evaluating whether to transfer venue, the court should consider (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.[18] In patent infringement cases, the bulk of the

---

[15] 28 U.S.C. § 1404(a).

[16] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1232 (D. Kan. 2000) (citing *Chrysler Credit Corp. v. Country Chrysler*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[17] *Thermal Components*, 98 F. Supp. 2d at 1232 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

[18] *Chrysler Credit Corp.*, 928 F.2d at 1516.

relevant evidence is provided by the alleged infringer, and therefore preference is given to the forum in which that evidence is located.[19]

The forum considerations are substantially neutral. Plaintiff's evidence, company, and witnesses are in Kansas. ALMACO's evidence, company, and witnesses appear to be in Iowa. However, preference is given to the Plaintiff's forum choice and location of evidence – both of which are in Kansas. Federal law will control, and therefore the benefits of local laws are irrelevant. Because the bulk of the evidence in patent infringement cases is provided by the alleged infringer and Plaintiff's forum choice is Kansas, ALMACO has failed to meet its burden of proving that a transfer to Iowa would be justified, or that the Kansas case should be stayed.

Accordingly, Defendant's Motion to Dismiss or in the Alternative to Transfer or Stay is denied.

**IT IS ACCORDINGLY ORDERED** this 22nd day of June, 2010 that Defendant's Motion to Dismiss or in the Alternative to Transfer or Stay (Doc.18) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19]*In re Genentech,* 566 F.3d 1339, 1345 (Fed. Cir. 2009).