# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT )
SOLUTIONS, LLC, a Kansas limited )
liability company, )
 )
                  Plaintiff, )
 )
vs. )  Case No. 09-1282-EFM-KGG
 )
GARY W. CLEM, INC, d/b/a ALMACO, )
an Iowa corporation, )
 )
                  Defendant. )
 )

## **MEMORANDUM AND ORDER**

The following motions filed by the parties were brought before the Court at a hearing on March 7, 2011:

    1.    Almaco's Second Motion to Compel the Production of Documents in Response to Almaco's First Requests for Production of Documents (Doc. 34);

    2.    Almaco's Motion to Compel SRES's Responses to Almaco's Interrogatories (Doc. 36);

    3.    Almaco's Third Motion to Compel SRES's to Produce Photographs (Doc. 38);

    4.    SRES's Motion to Compel Answers to Interrogatories (Doc. 60); and

> 5. Almaco's Motion to Return Inadvertently Produced Documents and To Strike Court Filings Containing Said Documents (Namely Documents 67, 68 & 69) (Doc. 71).

At the hearing, Plaintiff withdrew it's Motion to Compel Answers to Interrogatories (Doc. 60), based on a recent supplementation from Defendant. Pursuant to Plaintiff's request, this was done without prejudice. Defendant also withdrew it's Motion to Return Inadvertently Produced Documents (Doc. 71). The Court notes that although Defendant withdrew this motion, it did not, however, waive objections relating to privilege and/or admissibility of the documents. The remaining three motions (Docs. 34, 36, and 38) will be addressed in turn.

**1. Almaco's Second Motion to Compel the Production of Documents in Response to Almaco's First Requests for Production of Documents (Doc. 34).**

The parties previously conferred and resolved several of the issues relating to these discovery requests. The production of certain financial documents (Requests Nos. 2, 10, 16, 22, 23) and the computer software and code (including the "code of the accused device") (Request No. 32) did, however, remain in dispute.

**a. Financial documents (Requests Nos. 2, 10, 16, 22, and 23).**

The financial documents sought (Requests Nos. 2, 10, 16, 22, 23) include gross sales of the system at issue (monthly and annually). SRES objected that the

requests were overly-broad, vague, ambiguous, irrelevant, etc. Even so, prior to the hearing, SRES agreed to produce certain non-privileged financial information. Almaco acknowledges that the requested information may be confidential, but argues that the withheld information is not privileged. (Doc. 35, at 4.)

Prior to the hearing, counsel informed the Court that SRES had offered, but not yet provided, Almaco with certain financial documents for the years 2008-2010. At the hearing, counsel for SRES stated the documents at issue had been produced, but counsel for Almaco stated it had yet to receive them.

The Court thus **GRANTS** the portion of Almaco's "Second Motion to Compel" (Doc. 34) relating to financial documents sought by Requests Nos. 2, 10, 16, 22, and 23 (limited to the years 2008-2010). The Court further orders that, upon receipt and review of the documents offered by Plaintiff, Defendant may bring to the Court's attention any issues relating to compliance and/or the sufficiency of the produced documents.

    **b.**    **Computer software and code (Request No. 32)**.

Request No. 32 requests SRES's software, including but not limited to software or the computer code for controlling operation of GPS systems and products having or using GPS systems. (Doc. 35-1, at 14.) SRES has refused to produce the software or computer code for the accused system, asserting that the

3

information is not relevant or necessary to determine the operation of the system. Almaco argues the software is "highly relevant to the issue of infringement" and that the computer code is the "best evidence that can be used to determine if infringement is present." (Doc. 35, at 6.)

In responding to the actual discovery request, SRES made only boiler-plate objections (overly-broad, vague, ambiguous, irrelevant, and burdensome). (Doc. 35-2, at 15.) Because the discovery request is relevant on its face – and counsel for SRES conceded its "marginal" relevance at the hearing – SRES, as the party resisting the discovery, has the burden to support its objections. *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2011 WL 484191, at *2 (D. Kan. Feb. 7, 2011). For instance, a party raising a "burdensome" objection "must 'show not only 'undue burden or expense,' but also [ ] show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.'" *Design Basics, L.L.C. v. Strawn*, — F.R.D. —, —, 2010 WL 4792405, at * 7 (D. Kan. Nov. 17, 2010) (citing *Manning v. General Motors*, 247 F.R.D. 646, 654 (D.Kan.2007)). Plaintiff has not met this burden to support the general objections raised in its underlying response to Request No. 32.

SRES also argues against production of the computer information because Almaco "has not even attempted to conduct discovery [on this issue] by the

4

exponentially less expensive means of interrogatory or deposition." (Doc. 50, at 13.) "Generally, the party seeking discovery is entitled to make an initial choice of the method by which it is to be had and the court will not interfere unless sound reasons are shown." 8 Wright & Miller § 2039, p. 512; *see also* ***Estes v. ConocoPhillips Co***., No. 05-CV-445-GKF-PJC, 2008 LW 1994918, at *2 (N.D. Okla. May 5, 2008). SRES has failed to provide any substantive argument as to how either of these other types of discovery would be "exponentially less expensive" that would justify the Court's interference with Almaco's chosen means of discovery.

Finally, SRES argues that the information requested is intellectual property and constitutes a trade secret. (Doc. 35-5.) This objection was not, however, raised in response to the underlying discovery request. (*See* Doc. 35-2, at 15.) As such, the Court is inclined – if not compelled – to rule that this objection is deemed to have been waived. ***Anderson v. United Parcel Service, Inc.***, No. 09-2562-KHV-DJW, 2010 WL 4822564, at n.11 (D. Kan. Nov. 22, 2010) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 230 F.R.D. 611, 621 (D.Kan.2005) (holding that it is "well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

The Court takes this portion of Almaco's motion **under advisement** pending submission from counsel for SRES of mandatory case law (from this District, the Tenth Circuit, and/or the U.S. Supreme Court) holding that a party may defeat a motion to compel by subsequently raising an objection that was not first raised in response to the underlying discovery request. Plaintiff shall provide the Court with any such authority **no later than March 23, 2011**. Failure to provide the Court with such case law will result in the Court granting Defendant's motion to compel regarding Request No. 32.

2. **Almaco's Motion to Compel SRES's Responses to Almaco's Interrogatories (Doc. 36)**.

The parties conferred and resolved several of the issues relating to the interrogatories, but four remained at issue at the time the motion was filed: No. 1 (every report relating to the patent-in-suit), No. 5 (non-parties cooperating with the case), No. 8 (facts relating to the development/manufacture of system at issue), and No. 9 (studies by SRES of the patent or products at issue). By the time of the hearing, only Interrogatory No. 1 remained at issue.

Interrogatory No. 1 asked SRES to identify "every" report "relating to the patent-in-suit, including but not limited to those relating to the issues of scope, claim interpretation, infringement, validity, enforceability, design around,

alternative design, or misuse of the patent-in-suit . . ." (Doc. 37-2.) SRES objects the request is overly broad and burdensome as well as seeking attorney-client and work product information. (*Id.*; *see also* Doc. 62-2, sealed.)

Almaco counters that it needs this information to determine whether SRES willfully infringed on its patent. (*See* Doc. 37, at 4-5.) According to Almaco, "[a] common defense claim is that the infringement was not willful since a lawyer advised his/her client that its conduct does not infringe or that one or more of the patents-in-suit is invalid." (*Id.*, citations omitted.) Almaco continues that "[i]f SRES plans to assert the 'advice of counsel' defense at trial, it must first have permitted discovery relating to that advice of counsel." (*Id.*, at 5.) Even so, Almaco concedes that "SRES may choose not to use the advice of counsel defense and thus need not waive the attorney/client privilege." (*Id.*, citations omitted.) Counsel for SRES advised the Court at the hearing that it may decide to assert this defense in the future, but that it has made no decision on the issue to this point.

As long as SRES has not yet raised the defense, the requested information remains privileged and is, therefore, not discoverable. Fed.R.Civ.P. 26(b)(1). Should SRES attempt to assert the defense in the future, Almaco will be free to raise arguments that it is untimely, unduly prejudicial, that it would require unduly burdensome and costly discovery, etc. The Court will not, however, require

disclosure until and unless SRES raises this defense. As such, this motion (Doc. 36) is **DENIED without prejudice**.

**3.     Almaco's Third Motion to Compel SRES's to Produce Photographs (Doc. 38).**

Almaco conducted a somewhat disputed inspection of an SRES device on October 7, 2010. (*See*, Doc. 39, at 2-4.) At the inspection, SRES prevented Almaco's counsel from photographing the device, which was operatively connected to a planter and a tractor. (*Id*.) Thereafter, Almaco requested SRES produce specific photographs of the device (which, in essence, was effectively a request for SRES to *take* a set of photographs that Almaco had been prohibited from taking). (*See, id*., at 4.)

In response to this request, SRES provided 3 photographs and 3 screenshots from its software, but argued "there is no requirement under the Court Rules that SRES create a document to outline, in detail, the operation of the device discussed at the inspection." (*Id*.; *see also*, Doc. 39-6.) SRES continued that the photographs were irrelevant to the issues of infringement, contributory infringement, and damages. (Doc. 39, at 5; Doc. 39-8.) SRES also argues that an inspection of the device would have the effect of providing confidential and/or proprietary information to its competitor, Almaco. Almaco responds that SRES's refusal is in violation of the Court's Protective Order because the device is

8

promoted and displayed to the public. (Doc. 39, at 10-11.)

At the hearing, counsel for SRES stated that it had offered to let a third party photograph the device, but Almaco had refused. The Court sees no distinction between allowing a third party to take the photographs and providing them to Almaco as opposed to Almaco taking the photographs. SRES offered to let Almaco's counsel take the photographs, but objected to having one of Almaco's employees or representatives present because the of proprietary nature of the device.

Because a potential customer would be allowed to view the product – and an ultimate purchaser would be allowed to use the product in the open – the Court fails to see what could be considered confidential or proprietary about taking photographs of the product in its static, non-engaged condition. This motion (Doc. 38) is, therefore, **GRANTED** with the following parameters. Counsel for Almaco, along with one representative of Almaco, will be allowed to photograph the device. Photographs may be taken of anything visible, but the device is not to be taken apart. Finally, pursuant to Almaco's agreement, the device shall remain static and need not be turned on.

**IT IS THEREFORE ORDERED** that Almaco's "Second Motion to

Compel the Production of Documents in Response to Almaco's First Requests for Production of Documents" (Doc. 34) is **GRANTED** in regard to financial documents (Requests Nos. 2, 10, 16, 22, 23) and **taken under advisement** in regard to the computer software and code (Request No. 32).

**IT IS FURTHER ORDERED** that Almaco's "Motion to Compel SRES's Responses to Almaco's Interrogatories" (Doc. 36) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Almaco's "Third Motion to Compel SRES's to Produce Photographs" (Doc. 38) is **GRANTED** pursuant to the parameters set out more fully above.

**IT IS FURTHER ORDERED** that SRES's "Motion to Compel Answers to Interrogatories" (Doc. 60) and Almaco's "Motion to Return Inadvertently Produced Documents and To Strike Court Filings Containing Said Documents (Namely Documents 67, 68 & 69)" (Doc. 71) have been voluntarily withdrawn by the moving parties.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 9th day of March, 2011.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge