# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEED RESEARCH EQUIPMENT SOLUTIONS, LLC, a Kansas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GARY W. CLEM, INC, d/b/a ALMACO, an Iowa corporation,<br><br>Defendant. | Case No. 09-1282-EFM-KGG |

## **MEMORANDUM AND ORDER**

Following the March 7, 2011, hearing on various discovery motions, the Court took under advisement the portion of Defendant's Second Motion to Compel (Doc. 34) relating to production of the computer code and software of the accused system (Request No. 32). (*See* Court's March 9, 2011, Order, Doc. 84.) The Court requested additional briefing from Plaintiff's counsel providing mandatory case law (from this District, the Tenth Circuit, and/or the U.S. Supreme Court) holding that a party may defeat a motion to compel by subsequently raising an objection that was not first raised in response to the underlying discovery request. (*See* Doc. 84, at 6.) Plaintiff's counsel has since provided the requested submission (Doc.

85), and Defendant has filed an opposing submission (Doc. 86). After considering the case law and argument contained in the parties' filings, the Court **GRANTS** this remaining portion of Defendant's Motion to Compel (Doc. 34) for the reasons set forth more thoroughly below.

## DISCUSSION

Defendant's Request for Production No. 32 requests SRES's computer software, including but not limited to software or the computer code for controlling operation of GPS systems and products having or using GPS systems. (Doc. 35-1, at 14.) SRES has refused to produce the software or computer code for the accused system, asserting that the information is not relevant or necessary to determine the operation of the system. Almaco argues the software is "highly relevant to the issue of infringement" and that the computer code is the "best evidence that can be used to determine if infringement is present." (Doc. 35, at 6.) As discussed in the Court's underlying Order, the present issue arose because SRES made only boiler-plate objections (overly-broad, vague, ambiguous, irrelevant, and burdensome) in it's initial response to this discovery request. (Doc. 84, at 4; *see also*, 35-2, at 15.) Because the discovery request is relevant on its face – and counsel for SRES conceded its "marginal" relevance at the hearing – SRES, as the party resisting the discovery, has the burden to support its objections. ***McDonald v. Kellogg Co***., No.

08-2473-JWL, 2011 WL 484191, at *2 (D. Kan. Feb. 7, 2011). *See also* ***Design Basics, L.L.C. v. Strawn***, — F.R.D. —, —, 2010 WL 4792405, at * 7 (D. Kan. Nov. 17, 2010) (citation omitted) (holding that a party raising a "burdensome" objection "must 'show not only 'undue burden or expense,' but also [ ] show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery'"). The Court previously held that Plaintiff did not met this burden to support the general objections raised in its underlying response to Request No. 32. (Doc. 84, at 4.)

SRES also argued that the information requested is intellectual property and constitutes a trade secret. (*See* Doc. 35-5.) As the Court noted at the March 7th hearing and in it's previous order (Doc. 84, at 5), this more specific objection was not raised in response to the underlying discovery request. (*See* Doc. 35-2, at 15.) Case law in this circuit and district is well-established that an objection not raised in the initial discovery response is deemed waived if subsequently raised for the first time in response to a motion to compel. ***Anderson v. United Parcel Service, Inc.***, No. 09-2562-KHV-DJW, 2010 WL 4822564, at n.11 (D. Kan. Nov. 22, 2010) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 230 F.R.D. 611, 621 (D.Kan.2005). Thus, as mentioned above, the Court requested additional briefing from SRES providing mandatory case law (from this District, the Tenth Circuit,

3

and/or the U.S. Supreme Court) holding that a party may defeat a motion to compel by subsequently raising an objection that was not first raised in response to the underlying discovery request. (Doc. 84, at 6.)

In its supplemental briefing, SRES relies solely on the case of *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4117508 (D. Kan. Oct. 19, 2010). That case holds that finding a waiver of initially unraised objections is not automatic and "it is within the court's discretion to examine the circumstances surrounding the objections and determine whether the waiver should be excused based on good cause or excusable neglect." *Id.*, at *3. SRES argues that because Request No. 32 was so "overbroad, ambiguous and burdensome," the intellectual property/trade secret objection was irrelevant to the request as originally written. (Doc. 85, at 4-5.) According to SRES, "[t]he first time the request was limited to the accused infringing product" was in Defendant's golden rule letter dated October 13, 2010. (*Id.*, at 2-3, 4-5.) SRES contends that after receiving the "narrowed request for source code and software related to GPS systems, it promptly responded with correspondence containing the intellectual property/trade secret objection. (*Id.*, at 3.) Under these circumstances, SRES argues, the failure to initially bring the intellectual property/trade secret objection is excusable. (*Id.*)

The Court does not agree. Regardless of how overly broad or ambiguous the

4

underlying discovery request may have been, the intellectual property/trade secret objection was clearly implicated because <u>the request explicitly asked for the "software or computer code for controlling operation of GPS systems and products having or using GPS system</u>." (Doc. 35-2, at 15.) Further, common sense would indicate that *narrowing* a discovery request would also generally narrow, rather than expand, the number of potentially relevant objections a responding party may bring.

Even assuming Plaintiff could establish good cause for not raising the objection in response to the underlying discovery request, Plaintiff has made no showing that the source code is confidential or a trade secret. Merely stating an objection without providing an underlying evidentiary basis is entirely conclusory and will not be considered by the Court. *See* **Brown v. City of Maize, Kan**., 2008 WL 754742, at *3 (D.Kan. March 18, 2008). In addition, Plaintiff has provided no justification for the limited viewing procedure it has proposed. (Doc. 85-6, at 2.)

The remaining portion of Defendant's underlying Motion to Compel (Doc. 34) is, therefore, **GRANTED**. Plaintiff is ordered to produce the requested software and source code. The information may be designated confidential for protection under the Stipulated Protective Order entered in this case. (Doc. 31.)

**IT IS THEREFORE ORDERED** that Almaco's "Second Motion to Compel the Production of Documents in Response to Almaco's First Requests for Production of Documents" (Doc. 34) is **GRANTED** in regard to the computer software and code (Request No. 32). Plaintiff shall produce the requested information to Defendant within 14 days of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 6th day of May, 2011.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge