## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT    )
SOLUTIONS, LLC, a Kansas limited    )
liability company,    )
    )
          Plaintiff,    )
    )
vs.    )    Case No. 09-1282-EFM-KGG
    )
GARY W. CLEM, INC, d/b/a ALMACO,    )
an Iowa corporation,    )
    )
          Defendant.    )
    )

## MEMORANDUM AND ORDER

This Court heard argument on numerous motions brought by the parties at a

hearing on March 7, 2011.  Included at the hearing was argument on Defendant

Almaco's "Second Motion to Compel the Production of Documents in Response to

Almaco's First Requests for Production of Documents" (Doc. 34).  *See* March 9,

2011, Order (Doc. 84).  The parties informed the Court at the hearing that certain

agreements had been made about supplemental document production.

Subsequently, the Court's Order granted the portion of Almaco's "Second Motion

to Compel" (Doc. 34) relating to financial documents sought by Requests Nos. 2,

10, 16, 22, and 23 (limited to the years 2008-2010).  (*See* Doc. 84, at 3.)  The Court

further ordered that, "upon receipt and review of the documents offered by Plaintiff, Defendant may bring to the Court's attention any issues relating to compliance and/or the sufficiency of the produced documents." (*Id.*)

Defendant now argues that the documents produced by Plaintiff were insufficient.[1]  Defendant contends that it "continues to request production of a comprehensive set of financial documents, including documents the owner of SRES, Mr. Stacy Unruh, identified and described in his deposition." (Doc. 97-2, sealed, at 1.)  There are, however, significant problems with Defendant's motion.

First, Defendant's motion does not identify the particular discovery requests to which Plaintiff has failed to fully respond or to which Mr. Unruh's testimony arguably relates.  While Defendant states it "continues to seek a comprehensive set of financial documents," this is a rather general and oblique category of documents, particularly given the more specific parameters enumerated in the

---

[1]  Defendant's motion is actually titled "Motion for Leave to File Supplemental Briefing Re: (1) Defendant's Second Motion to Compel the Production of Documents (Re: *Document 34 (& Documents 50, 57, 84, 85, 86 & 87*)) In Response to Almaco's First Requests for Production of Documents and (2) To File Under Seal Using the CM/ECF System." (Doc. 97, sealed.)  The substantive briefing regarding the underlying discovery issues is not included in the present motion (Doc. 97); rather it is included in an attachment to the motion (Doc. 97-2, sealed) because Defendant's motion is merely requesting the ability file the substantive briefing under seal.  Regardless, Plaintiff's responsive brief (Doc. 98) addresses the substantive, underlying discovery issues contained in Defendant's proposed supplemental briefing (Doc. 97-2).  As such, in the spirit of judicial economy, the Court's analysis and Order will focus on these substantive discovery issues.

discovery requests which the Court surmises remain at issue (Requests for

Production 2, 10, 16, 22, and 23; *see* Doc. 84, at 2-3; Doc. 35-3, at 4, 7, 9-10, 12).

Although Defendant identifies certain types of documents discussed in Mr.

Unruh's deposition, Defendant makes no effort to explain how – or if – these

documents relate to the remaining discovery requests at issue.  In fact, Defendant's

motion does not so much as identify by number which of the discovery requests

could be implicated by Unruh's testimony and the Court will not attempt to make

assumptions on Defendant's behalf regarding this issue.

Second, and more importantly, although Mr. Unruh testified regarding the

potential for certain reports to be *generated* by Plaintiff's computer system, the

Court has not been presented with any evidence that the documents actually have

been created.  Citing Fed.R.Civ.P. 34(a)(1), Plaintiff correctly argues that the rules

of discovery do "not require a party to create or generate responsive materials (in

this case, documents) but only to produce and allow inspection of 'items in the

responding parties' possession, custody, or control.'"  (Doc. 98, at 6.)  *See **Cartel***

***Asset Mgt. v. Ocwen Finan'l Corp***., No. 01-cv-1644-REB-CBS, 2010 WL

502721, at *14 (D. Colo. Feb. 8, 2010) (internal citation omitted).  Plaintiff cites

the case of ***Mon River Towing, Inc. v. Industry Terminal and Salvage Co***., which

specifically holds that a party from whom discovery was sought was not required

to generate requested computer reports.  No. 06-1499, 2008 WL 2412946 (W.D.

Pa. June 10, 2008) (holding that Fed.R.Civ.P. 34 "does not require a responding

party to create or generate responsive materials in a specific form requested by the

moving party" although mere "computer print-outs" would fall within the

parameters of Rule 34).

Courts in this District have dealt with analogous issues.  In *Zhou v.*

*Pittsburg State University*, No. 01-2493-KHV, 2003 WL 1905988 (D. Kan. Feb. 5,

2003), the plaintiff requested information regarding the salaries of the defendant's

music department faculty members.  The defendant responded by compiling a

typewritten document in the form of a salary table.  (*Id*., at *1.)  The plaintiff

subsequently filed a motion to compel, "seeking the underlying computer-

generated data used to compile the salary table provided to Plaintiff . . . ."  (*Id*.)

The *Zhou* Court ordered the defendant to "produce copies of any original

documents showing faculty salary information" during the relevant time period "to

the extent any such original documents exist."  (*Id*.)  Following the defendant's

document production, the plaintiff filed an supplemental motion to compel, seeking

additional computer-generated data.  The *Zhou* Court initially stated that

"Defendant has compiled with this Order, and cannot produce copies of documents

that do not exist."  (*Id*.)

4

The *Zhou* Court then turned, however, to the advisory committee notes to the 1970 Amendment of Fed.R.Civ.P. 34, which include the following:

> The inclusive description of 'documents' is revised to accord with changing technology. It makes clear that Rule 34 applies to electronic data compilations from which information can be obtained only with the use of detection devices, and that when that data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use [its] devices to translate the data into usable form.  In many instances, this means that respondent will have to supply a print-out of computer data.... Similarly, if the discovering party needs to check the electronic source itself, the court may protect respondent with respect to preservation of [its] records, confidentiality of nondiscoverable matters, and costs.

*See Zhou*, 2003 WL 1905988, at \*2.  The defendant was then ordered to provide certain computer and electronically-stored data that the defendant used to "compile the salary table" it initially produced to the plaintiff.

It could be argued that the *Zhou* Court ultimately directed the responding party to create or generate certain information stored in its computer system.  The situation faced by the *Zhou* Court – and the ultimate result – is clearly distinguishable from the matter at hand, however, because the computer information ordered to be produced had been used by the respondent to compile a document that was produced in discovery.  In matter before the Court, Defendant merely points to deposition testimony regarding reports that "can" be generated or

5

are "able" to be generated.  (Doc. 97-2, sealed, at 3, 4.)  The testimony at issue also

refers to reports that "have [been] used" at some point without discussing when

they were used – or even if they were used during the time frame at issue (2008-

2010).[2]

As such, to the extent Plaintiff's computer system can potentially generate,

but has not yet generated, the reports mentioned in Mr. Unruh's deposition,

Defendant's motion is **DENIED**.[3]  To the extent the documents a) have been

physically generated, b) have been electronically generated and saved to a hard

drive or other form of computer storage, c) in the future are caused to be generated

in the course of business, and/or d) are used to compile information otherwise

produced in discovery, Defendant's motion is **GRANTED** and the same are to be

produced.

**IT IS THEREFORE ORDERED** that the substantive issues raised in Doc.

---

[2]   The Court notes that Defendant also failed to provide excerpts of Unruh's deposition testimony as an exhibit to the proposed motion.  As such, the Court was unable to determine whether additional context in the deposition testimony would have resolved some of these issues.  Even so, the Court would have been reluctant to search an exhibit in an effort to make Defendant's arguments for it.

[3] There is nothing in this Order, however, prohibiting Defendant from requesting any existing documents from which the information contained in those reports is gleaned.  The Court does not interpret the discovery requests at issue as seeking electronically stored information and the Court's previous Order did not address such a request.

97-2 (sealed), which is attached to Defendant's "Motion for Leave to File

Supplemental Briefing Re: (1) Defendant's Second Motion to Compel the

Production of Documents (Re: *Document 34 (& Documents 50, 57, 84, 85, 86 &*

*87*)) In Response to Almaco's First Requests for Production of Documents and (2)

To File Under Seal Using the CM/ECF System," are **GRANTED in part** and

**DENIED in part**, as discussed above.

    **IT IS SO ORDERED.**

    Dated at Wichita, Kansas, on this 1st day of September, 2011.

                                        s/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge