## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT
SOLUTIONS, LLC, a Kansas Limited
Liability Company,

            PLAINTIFF

  vs.

GARY W. CLEM, INC. d/b/a ALMACO, An
Iowa Corporation,

            DEFENDANT

Case No. 09-01282-EFM-KGG

## MEMORANDUM AND ORDER

This case arises out of a patent dispute between Seed Research Equipment Solutions, LLC, a Kansas company, and Gary W. Clem, Inc., d/b/a AMALCO, an Iowa corporation. Before the Court is Plaintiff's Motion to Strike Defendant's Claim Interpretation Chart (Doc. 107). The primary issue is whether Defendant's chart should be stricken pursuant to Fed. R. Civ. P. 16(f)(1)(c) for failure to comply with the scheduling order (Doc. 30). For the following reasons, the Court grants the motion to strike. Additionally, Defendant is granted leave to file an amended claim construction chart within 30 days.

### I. Factual and Procedural Background

The scheduling order issued by Judge Gale requested that the parties each submit a claim interpretation chart. The purpose of the chart was to identify conflicts in the parties' construction of

the patent and narrow down the terms that the Court would need to construe through the *Markman* hearing process.  However, the parties appear unable to agree on what they disagree about.

Plaintiff and Defendant each filed a claim interpretation chart on July 8, 2011 (Docs 103 and 104).  On July 20, 2011, Plaintiff filed its motion to strike Defendant's claim interpretation chart. In its memorandum in support, Plaintiff argues that the chart does not conform to the requirements of the scheduling order, does not identify the disputed claim terms, and does not limit its proposed construction to those terms.  Defendant appears to have anticipated these arguments based on previous discussion between counsel, and attempts to preemptively address them in a footnote within its chart.  In the footnote, Defendant explains that it believes the chosen form of the chart is in accordance with the scheduling order, and is also convenient for the Court's understanding of claim terms.

## II.  Legal Standard

FRCP 16(f)(1)(c) states, "On motion or on its own motion, the court may issue any just orders [text omitted] if a party or its attorney fails to: (c) obey a scheduling or other pretrial order." Fed. R. Civ P. (2011).

In *Markman v. Westview Instruments, Inc.*, the court held that the "construction of a patent, including terms of art within its claim, is exclusively within the province of the court."[1]  The court explained that there are two elements to a simple patent case – construing the patent and determining whether infringement occurred.[2]  The patent construction element has since evolved into a proceeding

---

[1]517 U.S. 370, 372 (1996).

[2]*Id.* at 384.

known as the "*Markman* hearing."[3]  The purpose of a *Markman* hearing is to construe the disputed

terms of the patent.[4]  The outcome of the *Markman* hearing may be dispositive of the infringement

inquiry.[5]

Typically, a *Markman* hearing construes the meanings of <u>specific disputed terms</u> within the

patent claims.[6]  Non-essential claims usually should not be construed if unnecessary to resolve

litigation.[7]  "Courts can neither broaden nor narrow the claims to give the patentee something

different than what he has set forth."[8]  However, courts may look to the context of the claim in which

the term is found, as well as the other claims, for guidance as to the intended meaning of the claim

term.[9]

---

[3]Timothy M. Salmon, *Procedural Uncertainty in Markman Hearings: When Will the Federal Circuit Show the Way?*, 18 St. John's J. Legal Comment, 1031, 1034 (2004).

[4]*Novartis Corp. v. Teva Pharm. USA, Inc.*, 565 F.Supp.2d 595, 603 (D.N.J. 2008).

[5]*See* David H. Hinney & Toussaint L. Myricks, *Patent Claim Interpretation After Markman – How Have the Trial Courts Adapted?*, 38 IDEA 155, 161-62 (1997) ("The advantage arises from the fact that many patent cases turn on claim interpretation issues: if the plaintiff's interpretation is accepted, infringement isn't seriously contested; if the defendant's interpretation is accepted, often there is frequently either no infringement or anticipation by prior art becomes easy to prove.  Thus, early claim interpretation may lead to resolution of many cases earlier in time and at far less expense to the litigants."); *See also Parallel Networks, LLC v. Abercrombie & Fitch*, 2011 WL 3609292, 1 (E.D. Tex. 2011).

[6]*See Kyocera Wireless Corp. v. International Trade Com'n*, 545 F.3d 1340, 1346-47 (C.A.Fed. 2008) (construing the disputed term "different" in a patent claim phrase);  *Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369, 1374-75 (C.A.Fed. (La.),1999) (construing the disputed terms "from" and "pyramid-shaped");  *ACTV, Inc. v. Walt Disney Co.*,  346 F.3d 1082, 1086-87 (C.A.Fed. (N.Y.),2003) (*Markman* memorandum construed thirteen terms such as "decoding," "Internet address" and "uniform resource locator");  *P.A.T., Co. v. Ultrak, Inc.*, 948 F.Supp. 1506, 1511 (D.Kan. 1996) (interpreting terms such as "vault" and "control head").

[7]*See* William Lee & Anita Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim Construction Hearings*, 13 Harv. J.L. & Tech 55, 83 (1999) (commenting that non-essential claims should not be construed if unnecessary to resolve the dispute);  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed.Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy.").

[8]5A Donald E. Chisum, *Chisum on Patents* 18-117 (1997) (citing *Autogiro Co. of Am. V. U.S.*, 384 F.2d 391, 396 (Ct. Cl. 1967)).

[9]*See* 5A Donald E. Chisum, *Chisum on Patents* 18-143 - 44 (1997).

### III.  Analysis

While the Court appreciates Defendant's attempt to provide context within which to interpret its claims, the Court is also cautious not to broaden the claims to give the patentee something different than what he has set forth.  Defendant's chart, if accepted, would likely cross that line. Defendant's chart does not simply identify disputed terms and offer a proposed construction; rather, it attempts to identify whole claims and then either elaborate upon or completely redefine them.  In the interest of providing Defendant with some guidelines for drafting an amended chart, the Court offers specific examples below.

In some instances, Defendant provides the entire claim but identifies via bolded script the disputed term (e.g. "A method of planting field seeds in a **test plot** field comprising a plurality of plots . . . ").  Defendant argues that this form is proper to enable the Court to construe the term in the context of the entire claim.  The Court finds this an acceptable use of context.

Other portions of Defendant's chart include terms that are not in dispute, presumably to provide the Court further context within which to interpret the terms.  Although this adds to the overall length of the document, the Court appreciates the potential value of this context.

Examples of the more problematic areas follow.  Defendant's chart often includes more than one disputed term within the column, such as "Placing a GPS device **on the planter** and **operatively connecting** the same to a computer."  In that example, Defendant first states in its proposed construction column that these words should be "given their ordinary and customary meaning," and alternatively offers a construction of "to put a device for finding location information upon and in contact with a sowing tool or machine and joining the GPS device to a computer to influence the computer."  Plaintiff offers the following constructions for the same words: "*on the planter* =

mounted directly upon the planter" and "*operatively connecting* = plain and ordinary meaning."

Another of Defendant's 'disputed claim terms' is "Reversing the direction of the planter such that the planter faces **in the direction opposite to the initial path** across the field such that the planter is disposed **to a return path** so that the edge of **the first path** is contiguous to the edge of the return path." Defendant's proposed construction is, "The words of the claim should be given their ordinary and customary meaning," or alternatively, "turning the planter to point away from the line the planter traveled on the beginning path across the field such that the planter is arranged to go back across the field so that the end of the beginning path is adjacent the beginning of the path back across the field." Plaintiff's chart, on the other hand, breaks down the disputed terms into manageable portions such as, "*in the direction opposite to the initial path*" = in the reverse direction of the first pass of small planting rows," "*to a return path* = to the reverse of the first pass of small planting rows," "*the first path* = the first pass of small planting rows."

As the above two examples illustrate, Plaintiff's format addresses specific disputed terms within the claim, and each term is given its own proposed construction. This is the format the Court desires. Defendant's format highlights several disputed terms within a claim and then offers a proposed construction defining that claim as a whole. That format is not proper.

Additionally, other portions of Defendant's chart reference a certain "claim method" as the "disputed claim term" (e.g. "The method in claim 3, wherein the location of said planter is established **via a precision location means** for precision location **operatively associated** with the planter."). The Court fails to understand how a method is a disputed term. If Defendant seeks to have the Court construe the terms "via a precision location means" and "operatively associated," that is a permissible use of the *Markman* process, and each of the terms should be given its own row in

-5-

Defendant's amended chart.

In sum, Defendant's chart does not align with the logic of the *Markman* process. It does not manageably identify terms for the Court to construe. In its present form, the chart attempts to redefine the patent claims, which is improper. The chart is therefore stricken for failure to comply with the intent of the scheduling order. Defendant should file an amended chart that is consistent with the desired format.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Strike (Doc. 107) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendant is granted leave to file an amended claim construction chart on or before October 20, 2011.

**IT IS SO ORDERED**.

Dated this 20th day of September, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE