## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT
SOLUTIONS, LLC, a Kansas limited liability
company,

        PLAINTIFF

vs.

        Case No. 09-01282-EFM-KGG

GARY W. CLEM, INC. d/b/a ALMACO, An
Iowa Corporation,

        DEFENDANT

## MEMORANDUM AND ORDER

This case arises out of a patent dispute between Seed Research Equipment Solutions, LLC,

a Kansas company ("SRES"), and Gary W. Clem, Inc., d/b/a AMALCO ("ALMACO"), an Iowa

corporation.  Before the Court is Defendant's Motion to Strike New Evidence (Doc. 113).  The

primary issue is whether Ron Campbell qualifies as a "person of ordinary skill"[1] for the purpose of

claim construction.  The secondary issues are (1) whether Plaintiff violated the scheduling order,

therefore justifying the evidence being stricken; and (2) whether Plaintiff's dictionary evidence is

improper.  For the following reasons, the Court denies the motion to strike.

---

[1]"Ordinary skill in the art" is defined as, "the level of technical knowledge, experience, and expertise possessed by a typical engineer, scientist, designer, etc. in a technology that is relevant to an invention."  *Black's Law Dictionary* (electronic 9th ed. 2009).

## I. Factual and Procedural Background

On July 29, 2011, Defendant filed its Motion to Strike New Evidence Presented in SRES' Claim Construction brief.  Defendant requested the Court strike Plaintiff's new dictionary definitions and the Declaration of Ron Campbell included in Plaintiff's Claim Construction Brief (Doc. 100). Defendant asserts that the evidence should be stricken because SRES failed to provide the information as required by the Scheduling Order (Doc. 30), which Defendant claims has prejudiced it.  Defendant requests that the Declaration of Ron Campbell be stricken on the additional bases that (1) he does not qualify as one of ordinary skill in the art of seed research test plot planters; and (2) his declaration, to a certain extent, is hearsay.

In its brief in support, Defendant frames the questions presented as, "Whether the Court should strike the Declaration of Mr. Ron Campbell of Juniper Systems as he does not qualify as one of ordinary skill in the art" (Doc. 113).  With the exception of a footnote, Defendant focuses on this question in its brief.

Although it does not cite authority for the proposition, Defendant asserts that a person of ordinary skill in this case should have:  "(1) at least 15-years of hands-on experience using and working with agricultural seed planting implements including seed research test plot planters; (2) at least 15-years of hands-on experience building and designing seed research test plot planters; (3) at least 15-years of hands-on experience with pre-GPS and post-GPS seed research test plot planter tripping mechanisms; (4) at least 15-years of hands-on experience with the problems related to pre-GPS and post-GPS seed research plot planter tripping mechanisms; [and] (5) at least 15-years of hands-on experience with the problems related [to] seed research plot planters."  In a footnote, Defendant informs the Court that the inventor of the '124 patent, Brian Carr, meets these

qualifications.  Defendant's brief then explains that Mr. Campbell, on the other hand, does not meet the Defendant's requirements.  Defendant states that Mr. Campbell is only a software engineer who "completely lacks the requisite hands-on experience actually using, designing or building seed research test plot planters."  Further, Defendant claims that Mr. Campbell's declaration is hearsay because "relies upon the out-of-court statements contained within the 1998 report."

With respect to the dictionary definitions, Defendant asserts that twelve of Plaintiff's proposed interpretations relied on dictionary definitions, but did not properly cite to specific dictionary definitions.  Defendant claims this violates the Scheduling Order.

On August 29, 2011, Plaintiff filed its Response to Defendant ALMACO's Motion to Strike New Evidence Presented in SRES' Claim Construction Brief (Doc. 123).  Plaintiff assserts that Defendant is attempting to prematurely exclude claim construction evidence before it may be heard at a *Markman* hearing.[2]  Further, Plaintiff states that Defendant's position regarding the standard for a person of ordinary skill is erroneous because the inventor's level of skill is irrelevant.  Plaintiff also states that its claim construction brief does not provide newly presented evidence because the evidence was previously identified during discovery.  Plaintiff argues that the prior art[3] focuses upon the use of GPS in the agricultural industry, and that Ron Campbell possesses ordinary skill in the art.  Plaintiff asserts that personal experience with seed research test plot planters is not required for

---

[2]The purpose of a *Markman* hearing is to construe the disputed terms of the patent.  *Novartis Corp. v. Teva Pharm. USA, Inc.*, 565 F.Supp.2d 595, 603 (D.N.J. 2008).

[3]"Prior art" in patent law is defined as, "Knowledge that is publicly known, used by others, or available on the date of invention to a person of ordinary skill in an art, including what would be obvious from that knowledge. Prior art includes (1) information in applications for previously patented inventions; (2) information that was published more than one year before a patent application is filed; and (3) information in other patent applications and inventor's certificates filed more than a year before the application is filed. The U.S. Patent and Trademark Office and courts analyze prior art before deciding the patentability of a comparable invention."  *Black's Law Dictionary* (electronic 9th ed. 2009).

an individual to be a person of ordinary skill in the art.  It cites his qualifications as set forth in his declaration, summarizing his experience as "an active worker in the field of GPS technology for agricultural purposes for a decade before the application for the '124 patent was filed."  The brief also states that Mr. Campbell has worked with GPS since 1989, was involved in the development of the rugged waterproof handheld field computers and GPS technology for mapping features in the field, such as those in the provisional application for the '124 patent.  It further states that Mr. Campbell has worked with specific applicator control of agricultural soil and crop treatments facilitated by GPS.  Plaintiff states that Mr. Campbell led the development of mobile field computer software and control instrumentation using precision GPS to control planting of seeds in agricultural research plots.  Further, Plaintiff claims that Mr. Campbell developed GPS solutions to remedy the problems of planting research plots with a cable even before the filing of the '124 patent.

Plaintiff states that Ron Campbell was identified in its initial disclosures.  Plaintiff also argues that Mr. Campbell's declaration is not hearsay, and that Defendant has offered no evidence that it is such.

With respect to the dictionary definitions, Plaintiff claims that they are not specific to any paticular industry, and are well-known dictionary terms in the English language.  Plaintiff states that the definitions are not new or prejudicial to Defendant.

On September 12, 2011, Defendant filed its Reply to Plaintiff's Response (Doc. 127).  Once again, the Defendant frames the "simple question" before the Court as "whether Ron Campbell can be considered a person of ordinary skill in the art and therefore capable of opining on the issue of patent claim construction and indirectly on the issue of patent invalidity."  Defendant argues that Plaintiff has made exaggerated, unsupported, and incorrect statements as to Mr. Campbell's

knowledge and experience.  Defendant's brief states that the objective evidence supplied by Plaintiff only shows that Mr. Campbell assisted with an operating system and a Windows-based program. Based on this assertion, Defendant claims that Mr. Campbell is not qualified.

## II.  Legal Standard

Courts engaged in the claim construction process focus on determining how a person of ordinary skill in the art would understand claim terms.[4]  Determining who constitutes a 'person of ordinary skill in the art' is a two-part inquiry.[5]  The first part is determining what exactly is that "relevant art" at issue, the second is determining who qualifies as a "person of ordinary skill" in that art.[6]

The "relevant art" is defined as, "art to which one can reasonably be expected to look for a solution to the problem that a patented device tries to solve.  The term includes not only knowledge about a problem in a particular industry, but also knowledge accumulated in scientific fields whose techniques have been commonly employed to solve similar problems."[7]  Therefore, to define the relevant art, a court must look to "the nature of the problem confronting the would-be inventor."[8]

---

[4]*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), cert. denied, 126 S. Ct. 1332 (U.S. 2006).

[5]*Arachnid, Inc. v. Merit Indus., Inc.*, 201 F.Supp.2d 883, 888 (N.D.Ill. 2002).

[6]*Id.*

[7]*Black's Law Dictionary* (electronic 9th ed. 2009).

[8]*Arachnid* at 889 (citing *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716 (Fed. Cir. 1991)).

The "person of ordinary skill" inquiry can be an elusive one.[9]  The appropriate level of ordinary skill in the art is a factual determination.[10]  Therefore, the Court views all facts and inferences in the light most favorable to the nonmoving party.[11]

"The frame of reference is the person having ordinary skill in the art, not that of an expert in the field."[12]  "'Ordinary skill' has been said to mean at least the ability to understand the technology and make modest adaptations or advances."[13]  "Factors that may be considered in determining the level of ordinary skill include: (1) the educational level of the inventor; (2) type of problems encountered in the art; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field."[14]

The inventor's skill is irrelevant to the "ordinary skill" inquiry.[15]  "The fact that the inventor possessed more than ordinary skill in the art does not necessarily mean that more than ordinary skill

---

[9]"While the person of ordinary skill is necessarily a hypothetical person, the difficulties to be encountered in ascertaining his capabilities should be comparable to those encountered in ascertaining the mental state of the man of ordinary care, known to the law of negligence." John Gladstone Mills III, Donald C. Reiley III & Robert C. Highley, *Patent Law Fundamentals* § 12:9 (2011) (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 18 (1966)).

[10]*Custom Accessories, Inc. v. Jeffrey-Allan Industries, Inc.*, 807 F. 2d 955, 962 (C.A. Fed. 1986).

[11]*SmithKline Beecham Corp. V. Apotex Corp.*, 2005 WL 941671, 8 (E.D.Pa. 2005) (citing *Cruciferous Sprout Litig.*, 301 F.3d 1343, 1346 (C.A. Fed. 2002)).

[12] *See Mills, supra* note 4 (citing a number of cases in footnote 1).

[13]*Id.* (citing *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 831 F.Supp. 1354, 1374 (N.D. Ill. 1993)).

[14]*Envtl. Designs, Ltd. v. Union Oil Co. of California*, 713 F.2d 693, 696 (C.A. Fed. 1983) (citing *Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1381-82 (Fed. Cir. 1983)).

[15]*See* Mills, *supra* note 6 (citing cases in footnote 16); *See also Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985); *See also Phillips Petroleum Co. v. U.S. Steel Corp.*, 673 F. Supp. 1278, 1316, (D. Del. 1987), judgment aff'd, 865 F.2d 1247, 9 U.S.P.Q.2d (BNA) 1461 (Fed. Cir. 1989).
-

was required to practice the invention as disclosed in the patent specification."[16]

Typically, when the parties disagree as to the appropriate level of skill against which to measure a proposed expert, the Court will determine the appropriate level.[17]  The case law indicates that where a proposed expert has relevant knowledge but does not necessarily meet the pre-defined appropriate level of skill, courts typically admit the expert's testimony and then consider any deficiencies in the expert's qualifications in determining what weight to give the testimony in the claim construction process.[18]  Simply put, shortcomings are considered for weight, rather than admissibility.

### III.  Analysis

The parties provide sparse information regarding whether the dictionary definitions were properly cited or whether the Plaintiff violated the scheduling order, and the Court therefore denies the motion on those bases.  These sub-issues appear to be collateral to the main issue of whether Mr. Campbell is a "person of ordinary skill."  Because the parties focus primarily on the question of whether Mr. Campbell is a "person of ordinary skill," the Court will similarly focus its attention on this inquiry.

First, the Court must determine the "relevant art."  Plaintiff argues that the prior art focuses upon the use of GPS in the agricultural industry.  In the absence of an alternative proposal from the Defendant, the Court is inclined to agree.  Further, the Court agrees with Plaintiff's contention that

---

[16]*See* Mills, *supra* note 4 (citing cases in footnote 41).

[17]*See generally Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2011 WL 1261111 (N.D. Ill. 2011);  *See also Purdue Pharma Products L.P. v. Par Pharm., Inc.*, 584 F.Supp.2d 664 (D. Del. 2008);  *See also SmithKline, supra* note 5; *See also Arachnid, supra,* note 3; *See also Williams Service Group, Inc. v. O.B. Canon & Son, Inc.*, 1994 WL 13850 (E.D. Pa. 1994).

[18]*See Sprint Commc'n Co. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290, 1345 (D. Kan. 2007); *See also Stryker Spine v. Biedermann Motech GmbH*, 750 F.Supp.2d 107, 119 (D.D.C. 2010).

the relevant art is not limited to the inventor's field, but also to those pertinent to the problem in which the inventor was involved.

Second, the Court must determine whether Mr. Campbell is a "person of ordinary skill" in that art.  It does not appear necessary for the Court to define in set terms the exact credentials of a hypothetical "person of ordinary skill."  Viewing the facts in the light most favorable to the non-movant, the Court is satisfied that Mr. Campbell possesses knowledge in the relevant art.  It seems likely that Mr. Campbell possesses, at a minimum, the ability to understand the technology and make modest adaptations or advances in the use of GPS in the agricultural industry.  Even if the Court accepts the Defendant's contention that Mr. Campbell has only developed a Windows-based program, that work was done in the relevant art.

While it is clear that Mr. Campbell does not have the same qualifications and expertise as the inventor, that is not the relevant inquiry.  Mr. Campbell has experience in the field of GPS and its relationship to farming equipment, which is pertinent to the problem addressed by the inventor's patent.  This is sufficient in the Court's view.

To the extent that Mr. Campbell's hands-on experience may be lacking, the Court will consider any such shortcoming when determining the weight to give Mr. Campbell's testimony during the claim construction process.

**IT IS ACCORDINGLY ORDERED** this 20th day of October, 2011 that Defendant's

Motion to Strike (Doc. 113) is hereby **DENIED**.

**IT IS SO ORDERED**.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE