# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT
SOLUTIONS, LLC, a Kansas Limited
Liability Company,

      *Plaintiff*

 vs.

GARY W. CLEM, INC. d/b/a ALMACO, An
Iowa Corporation,

      *Defendant*

Case No. 09-01282-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Seed Research Equipment Solutions, LLC ("SRES") is involved in a patent dispute with Defendant Gary W. Clem, Inc., d/b/a AMALCO ("ALMACO"). The case was first filed in September of 2009, and has been pending for nearly three years. The Court previously scheduled a *Markman* hearing to conduct claim interpretation, and then canceled the hearing based on SRES's representation that its motion for summary judgment would dispose of the case without requiring claim interpretation. Since that time, a number of motions have been filed by both parties. The Court disposes of several motions in this Order. The Court will soon set a new date for the *Markman* hearing.

## I.     The Court will not delay the Markman hearing further.

The purpose of a *Markman* hearing is to construe the disputed terms of the patent.[1] The outcome of the *Markman* hearing may be dispositive of the infringement inquiry.[2] Here, the parties have fully briefed the issue of claim construction. Thus, a *Markman* hearing is both necessary and appropriate should the case proceed on the infringement inquiry. A date for the *Markman* hearing will be forthcoming. Before the hearing, the Court will consider SRES's first motion for summary judgment on invalidity of the patent. Should that motion be granted, the *Markman* hearing will be rendered moot and canceled.

## II.    The Court grants ALMACO's motion to file a sur-reply to allow ALMACO to fully address new evidence raised in the reply.

The District of Kansas requires that a party obtain leave of court before filing a sur-reply.[3] "Although sur-replies are disfavored, they may be allowed when the party needs an opportunity to address new information contained in the moving party's reply."[4] ALMACO moves to file a sur-reply to SRES's motion for summary judgment on invalidity of the patent (Doc. 172), alleging that SRES raised new arguments and presented new evidence in its reply. The Court finds that exhibits

---

[1] *Novartis Corp. v. Teva Pharm. USA, Inc.*, 565 F.Supp.2d 595, 603 (D.N.J. 2008).

[2] *See* David H. Hinney & Toussaint L. Myricks, *Patent Claim Interpretation After Markman – How Have the Trial Courts Adapted?*, 38 IDEA 155, 161-62 (1997) ("The advantage arises from the fact that many patent cases turn on claim interpretation issues: if the plaintiff's interpretation is accepted, infringement isn't seriously contested; if the defendant's interpretation is accepted, often there is frequently either no infringement or anticipation by prior art becomes easy to prove. Thus, early claim interpretation may lead to resolution of many cases earlier in time and at far less expense to the litigants."); *see also Parallel Networks, LLC v. Abercrombie & Fitch*, 2011 WL 3609292, at *1 (E.D. Tex. 2011).

[3] *Humphries v. Williams Nat. Gas Co.*, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998).

[4] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2009 WL 2913535, at *3 (D. Kan. Sept. 4, 2009).

previously not submitted to the Court qualify as new evidence.  Therefore, this motion is granted. ALMACO should file its sur-reply within ten days.

## III. The Court denies ALMACO'S motion to strike because SRES complied with Rule 26(e).

ALMACO moves to strike documents and evidence relied upon in SRES' first motion for summary judgment (Doc. 152).  ALMACO claims that SRES witheld the identity of a witness and relevant documents in violation of the Court's Scheduling Order and the Federal Rules of Civil Procedure—specifically, it alleges that SRES "did not disclose its intent to rely upon the testimony of Ron Eckels or various documents from Leica Geosystems, Inc. to support its contention for invalidity until it filed its Motion for Summary Judgment (Doc. 142) on December 13, 2011, several months after the close of discovery."[5]  Fed. R. Civ. P. 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

ALMACO argues that SRES's failure to provide this information was not substantially justified or harmless, and should therefore be stricken pursuant to Rule 37(c)(1).  In response, SRES argues that the Court should not entertain ALMACO's motion because ALMACO failed to confer with SRES in violation of D. Kan. R. 37.2[6] and because SRES complied with Fed. R. Civ. P. 26(e).  Rule 26(e) states:

---

[5] Doc. 152, p. 6.

[6] "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

SRES states that it complied with Rule 26(e) because all of the information of which ALMACO claims ignorance was "otherwise made known" to ALMACO during the discovery process. SRES claims ALMACO knew of SRES's intent to rely on the testimony of Ron Eckels when SRES supplemented its Response to Interrogatory No. 14 on November 11, 2011 and stated that Mr. Eckels would be a witness on behalf of SRES. SRES further claims that the Leica documents were provided to ALMACO on October 27, 2011.

The Court finds that SRES complied with Rule 26(e).[7] To the extent that SRES's disclosure of information was not timely, the Court finds that the failure was harmless because ALMACO had all of the documents at least a month in advance of SRES's motion for summary judgment. Accordingly, the Court denies ALMACO's motion to strike under Rule 37(c)(1).

## IV.    The Court grants ALMACO's motion to stay deadlines regarding SRES's motion for summary judgment of no liability.

SRES has moved for summary judgment of no liability (Doc. 178), which is not yet ripe for ruling. ALMACO moves to stay the deadlines regarding this second motion for summary judgment until the Court either denies the motion itself (without a response), or holds the *Markman* hearing (Doc. 179). "As part of the inherent power to control its docket, a district court has discretion to stay proceedings pending before it. It may exercise the power to stay to provide economy of time and

---

[7] Because the Court denies the motion on this ground, the Court will not determine whether the duty to confer under D. Kan. R. 37.2 applies in this circumstance.

effort for itself and for counsel and litigants appearing before the court."[8]  In this instance, the economy of time and effort for both the Court and parties is best served by a stay; therefore, the Court grants ALMACO's motion to stay deadlines.  The Court will not require further briefing on SRES's second motion for summary judgment until after it rules on SRES's first motion for summary judgment or until after it holds the *Markman* hearing, whichever occurs first.

**IT IS ACCORDINGLY ORDERED** that Defendant's motion to file a sur-reply (Doc. 172) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike (Doc. 152) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to stay deadlines (Doc. 179) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (internal citations omitted).