IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEED RESEARCH EQUIPMENT
SOLUTIONS, LLC, a Kansas Limited
Liability Company,

*Plaintiff,*

vs.

Case No. 09-01282-EFM-KGG

GARY W. CLEM, INC. d/b/a ALMACO, an
Iowa Corporation,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff/Counter-Defendant's Motion for Reconsideration of Memorandum and Order Granting in Part and Denying in Part Plaintiff/Counter-Defendant's Motion for Summary Judgment Due to Invalidity [Doc. 186] (Doc. 187). Plaintiff Seed Research Equipment Solutions, LLC ("SRES") asks the Court to reconsider the finding in its Memorandum and Order (Doc. 186) that the HarvestMaster System did not anticipate claim one of U.S. Patent No. 6,505,124 ("the '124 Patent"). As more fully explained below, the Court grants SRES's motion.

**I.    Background**

This case arises out of a patent dispute between SRES and Defendant Gary Clem d/b/a ALMACO ("ALMACO"). On December 20, 2012, the Court issued its Memorandum and Order

(Doc. 186) on SRES's Motion for Summary Judgment Due to Invalidity of the '124 Patent (Doc. 142). The Court granted summary judgment with regard to claims three through ten of the '124 Patent finding that the invention embodied in those claims was in public use through the HarvestMaster System more than one year before the '124 Patent's application date. The Court, however, denied summary judgment with respect to claim one on the basis that the HarvestMaster System did not anticipate each limitation within that claim. The Court found that claim one of the '124 Patent requires the step of "predetermining the length of a longitudinal vector comprising the distance between the center of two adjacent alleys"[1] and that SRES failed to show that the HarvestMaster System predetermined the length between the centerline of each alley. Accordingly, the Court found that the HarvestMaster System did not anticipate claim one of the '124 Patent.

## II.     Legal Standard

Local Rule 7.3(b) governs motions to reconsider a non-dispositive order.[2] Under this Rule, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability for new evidence; or (3) the need to correct clear error or prevent manifest injustice."[3] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[4] The decision regarding whether to grant or to deny a motion to reconsider is left with the sound discretion of the district court.[5]

---

[1]   Memorandum and Order, Doc. 186, p. 10.

[2]   D. Kan. Rule 7.3(b).

[3]   *Id.*

[4]   *Cont'l Cas. Co. v. Multiservice Corp.*, 2009 WL 2409584, at *1 (D. Kan. Aug. 5, 2009).

[5]   *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. Mar. 3, 2000) (citations omitted).

### III.   Analysis

SRES asks the Court to reconsider its finding that "there is no evidence that shows the HarvestMaster System predetermines the length between the centerline of each alley."[6]  SRES contends that the Court misapprehended facts in the record related to the operation of the HarvestMaster System.  Specifically, SRES contends that the arguments and evidence in its motion for summary judgment show that the HarvestMaster System only operates after the user establishes a predetermined length between the centerline of each alley and enters that length into the user interface of the HarvestMaster System's computer program.  The Court agrees.

The computer program for the HarvestMaster System requires the user to input a "range length" into the user interface of the program.  As SRES asserts, the term "range length," as used in the computer program, means the distance between the center of two adjacent alleys, and this meaning is confirmed by the Wintersteiger Report.  The Wintersteiger Report contains a paragraph heading that states "[c]hanging range lengths (center of alley to center of alley)."[7]  The parenthetical phrase "(center of alley to center of alley)" modifies the term "range lengths" and indicates that the term "range length" means the distance between the alleys.  In addition, that same paragraph discusses how the HarvestMaster System was capable of changing the "range length" from four feet to thirty feet and compared this ability to the previous check cable used to plant research fields.  The Report states:

> The big problem with using several different range lengths when planting with the cable is that a cable is needed for each desired range length.  Then if you wanted to slightly change the length, it required either the laborious task of changing all the buttons or building a new cable.[8]

---

[6] Memorandum and Order, Doc. 186, p. 11.

[7] Wintersteiger Report, Doc. 142-2, p. 15.

[8] *Id*.

The check cable system used buttons to mark the center of each alley.  Thus, this statement also confirms that the term "range length" means the distance between the center of two adjacent alleys because changing the "range length" while using the check cable system required changing all of the buttons.

The record also shows that in the April 1998 computer program created by Ron Campbell, the input range length was 17.5 feet.  The Wintersteiger Report consistently refers to a 17.5 foot range, which confirms that the term "range length" has the same meaning in both the HarvestMaster System computer program and the Wintersteiger Report.  Accordingly, the Court finds that the HarvestMaster System predetermines the length between the centerlines of two adjacent alleys because the user is required to input such length into the computer program for the system.

ALMACO argues that the terms "range length" and "vector length" have a "clear and ordinary meaning"[9] among those with ordinary skill in the art, and based on those meanings, the term "range length" cannot mean the distance between the center of adjacent alleys.  According to ALMACO, the term "range" was defined in the '124 Patent as "describ[ing] a series of parallel plots 'separated by laterally extending alleys,' "[10] and this definition should be used to determine what the term "range length" means in the HarvestMaster System computer program and the Wintersteiger Report.  ALMACO, however, has not presented any authority as to whether those with ordinary skill in the art define the term "range" as it is defined in the '124

---

[9]   ALMACO's Response to SRES's Mtn. for Reconsideration, Doc. 192, p. 6.

[10]   *Id.* at p. 7 (quoting '124 Patent).

.

Patent. Nor has it offered any authority as to why the Court should use the definitions from the '124 Patent to define the terms as they are used in the Winsteiger Report or HarvestMaster computer program. Simply because ALMACO chose to define the term "range" in the '124 Patent as a series of parallel plots in the '124 Patent does not mean that is the definition Ron Campbell used when creating the HarvestMaster computer program or that Robert Heiden used when drafting the Wintersteiger Report. Therefore, the Court does not accept ALMACO's proffered definition for the term "range length" from the '124 Patent.

Finally, the operation of the HarvestMaster System in 1998 offers further evidence that it required predetermining the distance from the center of one alley to the center of an adjacent alley. The Wintersteiger Report states:

> The real enhancement to the Seward planter has been the ability to control and monitor the planter using Leica's High Precision MC1000 GPS Receiver . . . With this in mind, our goal for the spring of 98 was to replace 'the infamous planting cable' with this high precision GPS technology. . . . The control portion of the program allowed us to use GPS coordinates in lieu of the planting cable.[11]

The Wintersteiger Report also states:

> During normal planting while using the planting cable it is possible to mark the alleys by placing a flag or stake at each button on the cable. Without a cable, we needed to devise a method that would still mark these alleys. It turns out that spray cans, designed for marking lines in the parking lots, work very well for this. . . . As planting progresses a very short stream of spray paint is released marking the center of the alley.[12]

As previously stated, the check cable previously used in research field planting had a button to mark the center of each alley. The HarvestMaster System replaced the check cable by using GPS coordinates in lieu of the button at the center of each alley. Therefore, for the

---

[11] Wintersteiger Report, Doc. 142-2, p. 13.

[12] *Id.* at pp. 13-14.

HarvestMaster System to be able to mark the center of the alleys with the spray paint, it must have predetermined the distance between the center of each adjacent alley just as the cable check system previously did with the buttons.  Similarly, the Declaration of Ron Butler states:

> When cables were used, the operator would place flags at the center of the alleyways before the cables were moved.  Since the system eliminated the planter cable, we needed to mark the ground to identify where the alleyways were and the paint device would mark the center of the alleyway.[13]

Again, the HarvestMaster System could not have marked the center of each alley if the distance between the alleys was not predetermined.

Having reconsidered the evidence and arguments before the Court on SRES's Motion for Summary Judgment Due to Invalidity (Doc. 142), the Court finds that the HarvestMaster System did require the step of "predetermining the length of a longitudinal vector comprising the distance between the center of two adjacent alleys."  Accordingly, the Court finds that the HarvestMaster System anticipates claim one of the '124 Patent.[14]  Having made this finding and based on the Court's previous finding that the HarvestMaster System was in public use,[15] the Court finds claim one of the '124 Patent invalid under 35 U.S.C. § 102(b).

---

[13]   Butler Declaration, Doc. 142-4, p. 3.

[14]   The Court does not consider ALMACO's request for reconsideration on the Court's finding of public use in its Memorandum and Order (Doc. 186).  ALMACO has not filed a motion for reconsideration with the Court and is out of time to now do so.  Under Rule D. Kan. Rule 7.3(b), parties seeking reconsideration of a non-dispositive order must file a motion within fourteen days unless the Court extends the time.  D. Kan. Rule 7.3(b). The Court filed its Memorandum and Order (Doc. 186) on December 20, 2012.  ALMACO's fourteen day period to file a motion for reconsideration on the public use finding has passed.

[15]   Memorandum and Order, Doc. 186, p. 17.

**IT IS ACCORDINGLY ORDERED** this 6th day of March, 2013, that Plaintiff/Counter-Defendant's Motion for Reconsideration of Memorandum and Order Granting in Part and Denying in Part Plaintiff/Counter-Defendant's Motion for Summary Judgment Due to Invalidity (Doc. 187) is hereby **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE